# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CONNIE DANIEL COLE** | * | **CIVIL ACTION NO. 05-2161** |
| **VERSUS** | * | **JUDGE JAMES** |
| **STATE OF LOUISIANA, LOUISIANA COURT SYSTEM** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by defendants, State of Louisiana ("Louisiana") and the Louisiana Court System ("LCS"). (Document No. 7). The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED.**

## BACKGROUND

On December 13, 2005, Connie Daniel Cole ("Cole"), a *pro se* plaintiff, filed a complaint alleging that the defendants, by denying his petition in state court to declare his mother's will null and void, deprived him due process and equal protection of the law, as guaranteed in the Fourteenth Amendment of the United States Constitution.

The defendants request dismissal for lack of subject matter jurisdiction on the following grounds: (1) the Eleventh Amendment bars plaintiff's claim against Louisiana; and (2) the LSC is not a juridical entity subject to suit.

## LAW AND ANALYSIS

Sovereign Immunity under the Eleventh Amendment [1]

The Eleventh Amendment bars suits in federal court by citizens of a state against their

---

[1] Sovereign immunity is a jurisdictional question and, therefore, is appropriately raised in the defendants request for dismissal for lack of subject-matter jurisdiction. *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998).

own state or a state agency or department.[2] *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-3 (2000); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). This bar applies irrespective of the relief sought or the jurisdiction asserted. *See Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). In fact, sovereign immunity under the Eleventh Amendment has only two exceptions: (1) when Congress abrogates a state's sovereign immunity by acting pursuant to the Enforcement Clause of the Fourteenth Amendment; and (2) when a state knowingly and voluntarily consents to suit in federal court. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276-7 (5th Cir. 2005).

Louisiana is clearly covered by the Eleventh Amendment, and Cole has failed to demonstrate that either of the two exceptions - consent or congressional abrogation - exist in this case. While the Fourteenth Amendment indeed guarantees due process and equal protection of the laws, it does not contain any statements abrogating states' sovereign immunity. *See* Const. amend. XIV; *Pennhurst State Sch. & Hosp.*, 465 U.S. at 119 ("[I]f a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim."). Furthermore, in section 13:5106 of its Revised Statutes, Louisiana expressly withheld its consent to suit in federal court: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(A). Therefore, because none of the exceptions to sovereign immunity apply, the Court lacks jurisdiction over Cole's claims against

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI.

Louisiana.

LSC and Procedural Capacity

Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, state law determines a party's procedural capacity, i.e., a party's ability to sue and be sued. Fed. R. Civ. P. 17(b). Under Louisiana law, a party being sued must qualify as a juridical person. La. Civ. Code Ann. art. 24; *Dugas v. City of Breaux Bridge Police Dept.*, 99-1320, p. 3 (La. App. 3 Cir. 2/2/00); 757 So.2d 741, 743. A juridical person is "an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code Ann. art. 24. The Louisiana Supreme Court has aptly described the inquiry into whether a party is a juridical entity:

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Roberts v. Sewerage and Water Bd. of New Orleans*, 92-2048 (La. 3/21/94); 634 So.2d 341, 347.

The LCS, as named in Cole's complaint, is not a juridical entity subject to suit. Unlike most entities held to be juridical, such as municipal water boards and sewer commissions, the LCS possesses none of the similar corporate attributes. For purposes of being able to sue and be sued, the LCS is part and parcel of the state government, and any suit against it is the same as a suit against the state. Thus, the Court lacks jurisdiction over Cole's claims against LCS.

For the reasons stated above, it is recommended that the defendants' motion be **GRANTED, and this matter dismissed without prejudice for lack of subject matter jurisdiction.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of January, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\1983\05-2161.013106.rr.klh.frm